UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HEARTLAND-MT. AIRY OF CINCINNATI OH, LLC, | : : : | Case No. 1:15-cv-86 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| NICK H. JOHNSON, P.C., | : : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S
MOTION FOR REMAND (Doc. 8)**

This civil action is before the Court on Plaintiff's Motion for Remand (Doc. 8) and the parties' responsive memoranda (Docs. 10, 11).

### I. STATEMENT OF THE CASE

Plaintiff Heartland-Mt. Airy of Cincinnati OH, LLC filed this action against Defendant Nick H. Johnson, P.C. in the Hamilton County Court of Common Pleas on January 27, 2015. (Doc. 2).[1] Plaintiff asserts claims for violations the Ohio Deceptive Trade Practices Act, libel and libel *per se*, and false light invasion of privacy. (*Id.* at ¶¶ 57-77).

Plaintiff is a skilled nursing facility in the Mt. Airy neighborhood of Cincinnati. (Doc. 2 at ¶ 15). Defendant is a law firm headquartered in Houston, Texas. (*Id.* ¶ 6).

---

[1] Plaintiff originally named The Johnson Law Group of Ohio, LLC, an Ohio citizen, as a defendant. (Doc. 2). However, Plaintiff confirmed that it has since voluntarily dismissed that party and does not challenge this Court's jurisdiction based on incomplete diversity of citizenship. (Doc. 9 at 16-17).

Plaintiff alleges that Defendant placed false and deceptive advertisements in the *Cincinnati Enquirer* print and online editions. (*Id.* at ¶¶ 21-22, Exs. A, C, D). The advertisement states that Plaintiff "has been cited for multiple deficiencies" and that "these deficiencies are known to cause severe injury, health deterioration, bedsores and even death." (*Id.*, Ex. C). The advertisement lists seventeen categories of deficiencies, followed by the date of the citation in superscript text. (*Id.*) Plaintiff claims that the advertisements are false and misleading because they do not disclose that most of the alleged citations did not cause harm to any patients. (*Id.* at ¶ 29).

Plaintiff asserts that the advertisements have and will continue to cause irreparable stigmatic and reputational harm to its business relationships with current and prospective patients, and its goodwill in the community and the industry. (Doc. 2 at ¶¶ 54, 60). <u>Plaintiff's complaint</u> seeks injunctive relief and attorney's fees, but <u>does not request monetary damages (except for recovery of attorneys fees)</u>. (*Id.*) Plaintiff also filed a Motion for Temporary Restraining Order ("TRO") on January 27, 2015, which the state court granted the same day. (Docs. 3, 5). The TRO expired by its terms on February 10, 2015. (Doc. 5 at 3).

On February 6, 2015, Defendant filed a notice of removal in this Court. (Doc. 1). Pursuant to Local Rule, the Court held an informal preliminary conference by telephone in the morning of February 10, 2015. Plaintiff indicated that it intended to file a motion to remand, and the Court set an accelerated briefing schedule. The Court also heard oral argument by telephone that afternoon on Plaintiff's oral motion to renew the TRO. (Doc. 9). At the conclusion of oral argument, the Court denied Plaintiff's motion to extend the

2

TRO because there was insufficient evidence of irreparable injury. (*Id.* at 14-15). The Court scheduled an expedited hearing for February 25, 2015 on Plaintiff's application for a preliminary and permanent injunction.

## II. STANDARD OF REVIEW

Federal courts have jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). When a plaintiff invokes federal jurisdiction by filing an action in federal court, the amount-in-controversy allegation is accepted if made in good faith. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). If an action is originally filed in state court, a defendant may remove the case to federal court and invoke federal jurisdiction by filing a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). If the plaintiff's state court complaint demanded a specific amount of monetary damages, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" for purposes of determining jurisdiction. 28 U.S.C. § 1446(c)(2). When the plaintiff's complaint seeks nonmonetary relief, the defendant's notice of removal may state the amount in controversy. § 1446(c)(2)(A)(i).

The statutory language in § 1446(a) that the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal" purposefully "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee*, 135 S. Ct. at 553. Just as a federal court should accept a plaintiff's good faith allegation of the amount in controversy, the removal statute instructs that "a defendant's notice of removal need include only a plausible allegation that the

3

amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. Accordingly, a removing "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended § 1446 and "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged." *Dart Cherokee*, 135 S. Ct. at 553. Section 1446(c)(2)(B) provides that "removal of the action is proper on the basis of an amount in controversy asserted" in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 135 S. Ct. at 553-54.

When the defendant's amount-in-controversy allegation is challenged, "[e]vidence establishing the amount is required by § 1446(c)(2)(B)" and "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been met." *Dart Cherokee*, 135 S. Ct. at 553-54. The statutory amendments clarify that "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met," but when the amount in controversy is disputed "the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Dart Cherokee*, 135 S. Ct. at 554 (quoting H.R. Rep. No. 112-10, at 16 (2011)).

"The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it" and "[w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559

4

U.S. 77, 96-97 (2010). When federal jurisdiction is invoked by the filing of a notice of removal, it is the defendant who bears "the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). Accordingly, the defendant bears the burden of proof by a preponderance of the evidence that the amount in controversy exceeds $75,000 when the plaintiff challenges the amount alleged in the notice of removal. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 135 S. Ct. at 553-54.[2]

In actions seeking injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The Court of Appeals has recognized that "there is a circuit split as to whether a court may determine the amount in controversy from the perspective of either party (the 'either viewpoint rule') or whether a court may only consider the plaintiff's viewpoint." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quoting *Olden v. LaFarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004)). If the value is measured from the perspective of the defendant, the court must determine the "expected cost to the defendant of complying with the injunction which the plaintiffs seek." *Olden*, 383 F.3d at 503 n.1. The value of injunctive relief from the plaintiff's viewpoint is "the value of the right to be protected or the extent of the injury to be prevented." *Reusser v. Saxon*

---

[2] *See also* H.R. Rep. 112-10, at 16 ("If the defendant establishes by a preponderance of the evidence that the amount exceeds $75,000, the defendant, as proponent of Federal jurisdiction, will have met the burden of establishing jurisdictional facts.").

5

*Mortgage Servs., Inc.*, No. 2:12-cv-87, 2012 WL 3241973, at *3 (S.D. Ohio Aug. 3, 2012) (quoting *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970)).

Reasonable attorney's fees may be included in determining the amount in controversy when allowed by statute. *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009).

### III.  ANALYSIS

Plaintiff expressly challenges the amount-in-controversy allegation in Defendant's notice of removal.  Specifically, Plaintiff argues that Defendant cannot prove by a preponderance of the evidence that the value of the requested injunctive relief, together with attorney's fees, exceeds $75,000.  Defendant counters that a fair reading of the complaint and other evidence of record shows that the amount in controversy exceeds $75,000.

#### A.  Value of Injunctive Relief

Plaintiff seeks injunctive relief enjoining Defendant "from publishing false, fraudulent, deceptive, and misleading advertisements" and mandatory injunctive relief requiring Defendant "to affirmatively publish a retraction and correction of comparable size and visibility."  (Doc. 2 at 17-18).  Although the Court of Appeals has declined to affirmatively adopt the plaintiff's viewpoint or the either viewpoint rule, it has ruled in cases where the evidentiary burden of proof compelled the same holding under both standards.  *Cleveland Housing*, 621 F.3d at 560-61; *Everett*, 460 F.3d at 829.  Here, Defendant's failure to submit evidence compels the result that Defendant cannot satisfy its burden of proof regardless of which viewpoint rule the Court applies.

6

Using the plaintiff's viewpoint, the Court looks to "the value of the right to be protected or the extent of the injury to be prevented."  *Reusser*, 2012 WL 3241973, at *3. Plaintiff's complaint alleges that injunctive relief is needed to prevent "stigmatic injury and loss of business opportunities, as well as immediate and irreparable harm to its goodwill, and contractual and business relationships." (Doc. 2 at ¶ 60).  Defendant notes only that Plaintiff describes itself as a "skilled nursing facility" argues that "[i]t is therefore clear that the value of these lost business opportunities and reputational harm is in excess of $75,000." (Doc. 10 at 5).  However, Defendant provides no evidentiary basis for the Court to reach this conclusion.  For example, the record before the Court provides no indication of Plaintiff's annual revenue or the amount of money at stake if Plaintiff loses a current or prospective patient.  Defendant need not prove the amount to a legal certainty, but § 1446(c)(2)(B) and *Dart Cherokee* require that Defendant may not simply rely on the allegation in its notice of removal.  Instead, to prove the amount in controversy by a preponderance of the evidence Defendant must submit some proof to substantiate the allegation in its notice of removal.

If the Court were to value the injunction based on Defendant's monetary cost of complying with the requested injunction, Defendant similarly fails to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant argues in its brief that the cost of complying with the injunction is "lost profits in the form of attorney's fees" from potential clients and during oral argument counsel suggested that Defendant would have to forego additional prepaid advertisements. (Doc. 9 at 8; Doc. 10 at 6).  However, Defendant again provides no basis for the Court to

7

conclude that it is more likely than not that Defendant will lose over $75,000 in business if it is enjoined from running the advertisements.  Additionally, Defendant does not explain why it cannot attract the same potential client(s) by running advertisements with different language.  Finally, the Court also notes that the cost of complying with the requested injunctive relief is not entirely speculative because the state court TRO was in place for fourteen days.

Two Court of Appeals decisions underscore the importance of submitting evidence when the amount in controversy is challenged after removal.

In *Cleveland Housing*, the plaintiff sought the abatement of public nuisances at twenty-five properties defendant owned through injunctive relief requiring either "significant remedial measures or complete destruction" of the properties.  *Cleveland Housing*, 621 F.3d at 560-61.  After the plaintiff challenged removal, the defendant submitted evidence that the properties were valued at over $1.3 million and based on that the district court concluded that the defendant had proven by a preponderance of the evidence that it would cost over $75,000 to comply with the requested injunction.  *Id.*  On appeal, the plaintiff argued that the district court erred in not applying the plaintiff's viewpoint rule.  *Id.*  The Court of Appeals affirmed because the plaintiff did not submit contradictory evidence and "does not explain what the value of injunctive relief would be or how the value of such relief should be assessed, but asserts simply that the value of the relief is less than $75,000."  *Id.*

The defendant in *Everett* was a cellular telephone service provider who claimed that complying with the requested injunction to cease making alleged misrepresentations

8

about service charges would also require it to "change their advertisements, their contracts, and their other written materials and their billing practices on a nationwide basis." *Everett*, 460 F.3d at 829. The Court of Appeals held that the removing defendant did not satisfy its burden of proving that the amount in controversy exceeded $75,000 because the defendant "points to no place in the record estimating the costs of compliance." *Id.* The importance of submitting evidence was underscored by the Court of Appeals' use of phrases indicating that the defendant "offers no evidence," "does not explain," and "provides no details" to substantiate its claimed costs of compliance or the necessity of taking that specific action. *Id.* Accordingly, the Court of Appeals concluded that "[o]n this record," the defendant did not satisfy its burden of proof. *Id.*

Defendant's failure to submit any proof of the amount in controversy compels granting the motion to remand. As the Supreme Court clarified in *Dart Cherokee*, "when a defendant's assertion of the amount of controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 553.

The briefing reveals that Defendant was aware of the standard and the need to submit proof. Both briefs cite to *Dart Cherokee* and Plaintiff's motion argues that Defendant "will be unable to satisfy its burden of proof triggered by Plaintiff's present challenge." (Doc. 8 at 4). In response, Defendant contends in its memo contra that "further evidence establishing the amount in controversy is provided herein." (Doc. 10 at 2). <u>However, Defendant presented only legal argument and allegations unsubstantiated</u>

9

by any "proof" or "[e]vidence establishing the amount" by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 135 S. Ct. at 553-54.

### B. Attorney's Fees

Plaintiff's complaint sought reasonable attorney's fees, which are discretionary under the Ohio Deceptive Trade Practices Act.[3] Defendant cites four Ohio court cases that involved an award of attorney's fees under the ODTPA and argues that the Court should add this to the amount in controversy. However, in two of the cases Defendant cites, the appellate court concluded that the trial court provided insufficient reasoning to justify an award of attorney's fees and remanded for further consideration. *See Braglin v. Crock*, 2005-Ohio-6935, at ¶ 18 (Ohio App.); *Patio Enclosures, Inc. v. Borchert*, No. 40592, 1980 Ohio App. LEXIS 12190, at *17-18 (Ohio App. May 15, 1980). The highest amount of attorney's fees awarded was just over $8,200. *Yocono's Restaurant v. Yocono*, 651 N.E.2d 1347, 1353 (Ohio App. 1994).

The Court of Appeals has recognized that attorney's fees "may be included in the amount in controversy" when allowed by statute, but declined to address the proper standard for determining the amount of attorney's fees to include. *Charvat v. NMP, LLC*, 656 F.3d 440, 455 (6th Cir. 2011). Additionally, the Court of Appeals did not address whether it is improper to exclude speculative or discretionary fee requests. *Id.* (observing that "some courts have not counted such fees towards the amount-in-controversy requirement if 'speculative,' for example 'future or discretionary or unreasonable fees'").

---

[3] The Ohio statute provides: "An award of attorney's fees may be assessed against a defendant if the court finds that the defendant has willfully engaged in a trade practice . . . knowing it to be deceptive." Ohio Rev. Code § 4165.03(B).

The Court concludes that even if it were to add attorney's fees to the value of the requested injunctive relief, Defendant has failed to prove by a preponderance of the evidence that the amount-in-controversy requirement is satisfied.  The lack of evidence in the record leaves the Court with no basis on which to determinate that diversity jurisdiction is proper.  *See Everett*, 460 F.3d at 829 ("On this record, [defendant] has no satisfied a threshold requirement for invoking this theory of federal-court jurisdiction.").  As the party invoking federal jurisdiction, Defendant "has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met."  *Cleveland Housing*, 621 F.3d at 559.  When Plaintiff challenged the amount in controversy, it was incumbent upon Defendant to submit "[e]vidence establishing the amount [a]s required by § 1446(c)(2)(B)."  *Dart Cherokee*, 135 S. Ct. at 554.  Accordingly, Defendant has failed to satisfy its burden of proof that the amount in controversy exceeds $75,000.[4]

### IV. CONCLUSION

Wherefore, for these reasons, Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**.  Accordingly, this action is **REMANDED** to the Hamilton County Court of Common Pleas.  The Clerk shall mail a certified copy of this order to the clerk of the state court, whereupon this case is **CLOSED** in this Court.

---

[4] Plaintiff requests that the Court order Defendant to pay Plaintiff's reasonable attorney's fees in seeking remand as a sanction pursuant to Rule 11.  (Doc. 8 at 10).  The Court declines to do so because there is no evidence that sanctions are warranted here and Plaintiff did not comply with the mandates of Rule 11(c)(2).

**IT IS SO ORDERED.**

Date: 2/17/15              *s/ Timothy S. Black*
Timothy S. Black
United States District Judge